Case 3:21-cv-00247   Document 17   Filed on 04/17/23 in TXSD   Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
April 17, 2023
Nathan Ochsner, Clerk

# In the United States District Court for the Southern District of Texas

## GALVESTON DIVISION

No. 3:21-cv-247

HOUSTON LAND AND CATTLE COMPANY, LC, *PLAINTIFF*,

v.

GREGG BISSO, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS MAYOR OF VILLAGE OF SURFSIDE BEACH, TEXAS, *ET AL.*, *DEFENDANTS*.

*CONSOLIDATED WITH*

No. 3:21-cv-248

TED DAHL, *PLAINTIFF*,

v.

GREGG BISSO, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS MAYOR OF VILLAGE OF SURFSIDE BEACH, TEXAS, *ET AL.*, *DEFENDANTS*.

### MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*:

The defendants have moved to dismiss under Fed. R. Civ. P. 12(b)(1).

247 Dkt. 9; 248 Dkt. 9.[1] The court grants the motion and remands any remaining claims.

## I. Background

The plaintiffs—Ted Dahl and Houston Land and Cattle Company, LC—sued the Village of Surfside Beach and Gregg Bisso, individually and in his official capacity as Surfside's mayor. 247 Dkt. 1-1 at 17–24; 248 Dkt. 1-1 at 17–24. Houston Land and Cattle owns real property at 433 Bluewater Highway in Surfside. 247 Dkt. 1-1 at 18–19. Dahl, meanwhile, owns undeveloped property at 1743 Bluewater Highway. 248 Dkt. 1-1 at 18–19. Both plaintiffs' claims revolve around the defendants' alleged refusal to install culverts at these locations pursuant to Article II, Sections 40-19 and 40-20, of Surfside's Code of Ordinances. 247 Dkt. 1-1 at 18–19; 248 Dkt. 1-1 at 18–19.

In January 2021, Dahl filled out culvert-request forms for 433 and 1743 Bluewater Highway. 247 Dkt. 9-1 at 2; 248 Dkt. 9-1 at 1. He emailed these

---

[1] The court *sua sponte* consolidated this matter, Civil Action No. 3:21-cv-247, *Houston Land and Cattle Co., LC v. Gregg Bisso, et al.*, with another matter, Civil Action No. 3:21-cv-248, *Dahl v. Gregg Bisso, et al.* 247 Dkt. 14. Before consolidation, however, the parties filed separate motions and responses. *See* 247 Dkts. 9, 12; 248 Dkts. 9, 12. The court necessarily cites materials in both dockets. To avoid confusion, the court will refer to all materials in Civil Action No. 3:21-cv-247 as "247 Dkt. [number]" and Civil Action No. 3:21-cv-248 as "248 Dkt. [number]."

forms to a Surfside building official, Kay Huffman. 247 Dkt. 9-1 at 7; 248 Dkt. 9-1 at 2. On January 21, Huffman asked Dahl to send wetlands determinations/delineations and approved/recorded replats for both properties. 247 Dkt. 9-2 at 1. Three days later, Dahl replied and attached a Surfside project wetland delineation report. *Id.* at 8, 21–73.

Huffman did not respond, so Dahl followed up about his culvert request for 1743 Bluewater Highway on February 5 and the morning of February 11. *Id.* at 16–17. Huffman responded to Dahl's February 11 email that same afternoon, informing Dahl that she did not receive the information she previously requested. *Id.* at 15. Dahl re-sent her the report that night. *Id.* at 14–15.

On February 24, Dahl again inquired into the status of his culvert requests. *Id.* at 14. The next day, Huffman informed Dahl that Bisso asked her to tell him that they were reviewing his report. *Id.* On March 11, Dahl again emailed Huffman, asking if "the city ha[d] denied these requests." *Id.* at 13. Neither party presented evidence that Bisso had denied Dahl's requests or that the plaintiffs appealed any such denial to Surfside's city council, as required by Surfside's code of ordinances.

Rather than waiting for the defendants to make a final decision, the plaintiffs sued the defendants in state court to recover actual damages,

special damages, and attorneys' fees. 247 Dkt. 1-1; 248 Dkt. 1-1. The plaintiffs amended their petitions once before the defendants removed to this court. 247 Dkts. 1; 1-1 at 17–24; 248 Dkts. 1, 1-1 at 17–24.

Although ill-defined, the plaintiffs assert general takings, inverse-condemnation, due-process, and equal-protection violations under the Fifth and Fourteenth Amendments of the U.S. Constitution and the Texas Constitution. 247 Dkt. 1-1 at 20–22; 248 Dkt. 1-1 at 19–22. They also ask for a declaratory judgment and injunctive relief entitling them to have the culverts installed. 247 Dkt. 1-1 at 22–23; 248 Dkt. 1-1 at 22–23. The defendants now move to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and, alternatively, for summary judgment. 247 Dkt. 9; 248 Dkt. 9.

## II. Legal Standard

Federal courts have jurisdiction over a claim between parties only if the plaintiff presents an actual case or controversy. U.S. CONST. art. III, § 2, cl. 1; *Okpalobi v. Foster*, 244 F.3d 405, 425 (5th Cir. 2001). "The many doctrines that have fleshed out that 'actual controversy' requirement—standing, mootness, ripeness, political question, and the like—are 'founded in concern about the proper—and properly limited—role of the courts in a democratic society.'" *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 541–42 (5th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). Rule 12(b)(1)

requires dismissal if the court "lacks the statutory or constitutional power to adjudicate the case." *Walmart Inc. v. U.S. Dep't of Just.*, 21 F.4th 300, 307 (5th Cir. 2021) (quoting *Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). The party asserting jurisdiction bears the burden of proof. *Ghedi v. Mayorkas*, 16 F.4th 456, 463 (5th Cir. 2021).

To test whether the party asserting jurisdiction has met its burden, a court may rely upon: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). When standing is challenged in a Rule 12(b)(1) motion to dismiss, the court "must accept as true all material allegations of the complaint and . . . construe the complaint in favor of the complaining party." *Ass'n of Am. Physicians & Surgeons v. Tex. Med. Bd.*, 627 F.3d 547, 550 (5th Cir. 2010) (quoting *Pennell v. City of San Jose*, 485 U.S. 1, 7 (1988)).

The court "should consider the Rule 12(b)(1) jurisdictional attacks before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). It may ensure that it has subject-matter jurisdiction, "sua sponte if necessary." *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 468 (5th Cir. 2020) (en banc) (quotation omitted).

## III. Analysis

In their motion, the defendants raise several challenges to the plaintiffs' claims. 247 Dkt. 9 ¶¶ 18–31; 248 Dkt. 9 ¶¶ 19–32. They first argue that the court lacks subject-matter jurisdiction over their takings claims because they are not ripe for judicial review. 247 Dkt. 9 ¶¶ 18–25; 248 Dkt. 9 ¶¶ 19–26. The court agrees with the defendants' jurisdictional argument and grants their motion. Accordingly, it does not reach the remaining arguments under Rule 12(b)(6) or, alternatively, for summary judgment.[2]

### A. Federal-Takings Claim

"[R]ipeness inquires as to 'whether the harm asserted has matured sufficiently to warrant judicial intervention.'" *Contender Farms, L.L.P. v. U.S. Dep't of Agric.*, 779 F.3d 258, 267 (5th Cir. 2015) (internal quotations omitted) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 n.10 (1975)). Ripeness is "a constitutional prerequisite to the exercise of jurisdiction." *Sureshot Golf Ventures, Inc. v. Topgolf Int'l, Inc.*, 754 F. App'x 235, 239 (5th Cir. 2018).

To determine whether a case is ripe, the court relies on two considerations: "the fitness of the issues for judicial resolution and the

---

[2] The defendants also contend that the plaintiffs did not plead sufficient facts to hold Surfside liable under § 1983. 247 Dkt. 9 ¶¶ 26–29; 248 Dkt. 9 ¶¶ 27–30. Additionally, the defendants assert that the plaintiffs failed to plead facts to refute that Bisso is entitled to qualified immunity—a defense to § 1983 liability. 247 Dkt. 9 ¶¶ 30–31; 248 Dkt. 9 ¶¶ 31–32.

hardship to the parties of withholding court consideration." *TOTAL Gas & Power N. Am., Inc. v. Fed. Energy Regul. Comm'n*, 859 F.3d 325, 333 (5th Cir. 2017). "A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 833 F.2d 583, 587 (5th Cir. 1987) (citing *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985)).

"The Takings Clause of the Fifth Amendment, made applicable to the States through the Fourteenth Amendment, directs that private property shall not be taken for public use, without just compensation." *Urb. Devs. LLC v. City of Jackson*, 468 F.3d 281, 292 (5th Cir. 2006) (quotations omitted) (citing *Chi., B. & Q.R. Co. v. City of Chicago*, 166 U.S. 226, 234 (1897)). A regulatory-takings claim is not ripe until "the government has reached a final decision on the challenged regulation." *DM Arbor Ct., Ltd. v. City of Houston*, 988 F.3d 215, 218 (5th Cir. 2021); *see also Pakdel v. City & County of San Francisco*, 141 S. Ct. 2226, 2230 (2021) (holding a plaintiff must show that there is "no question . . . about how the regulations at issue apply to the particular [property] in question" to show a final decision (quotations omitted)).

A plaintiff's "failure to properly pursue administrative procedures may render a claim unripe if avenues still remain for the government to clarify or change its decision." *Pakdel*, 141 S. Ct. at 2231. *But see Knick v. Twp. of Scott*, 139 S. Ct. 2162, 2172–73 (2019) (holding that a plaintiff does not need to exhaust all state-court remedies to bring a § 1983 claim). Additionally, "[w]hen similar factual development is necessary for related claims—like the due process [and] equal protection . . . claims [the plaintiff] alleges—then those claims are also not ripe until the regulator has made a final decision." *DM Arbor Ct.*, 988 F.3d at 218–19 (quotations omitted).

In their motions, the defendants argue that the plaintiffs' takings claims are not ripe because the defendants never formally denied the requests. 247 Dkt. 9 ¶¶ 21–22; 248 Dkt. 9 ¶¶ 22–23. The defendants also contend that the plaintiffs did not exhaust their administrative remedies by not appealing the decision to Surfside's city council. 247 Dkt. 9 ¶¶ 22–23; 248 Dkt. 9 ¶¶ 23–24. The plaintiffs, in response, wrongly claim there is "no procedural device available within the Village ordinances which allow for an appeal to city council regarding culvert denials." 247 Dkt. 12 at 7–8; 248 Dkt. 12 at 7–8.

This is not the first time the plaintiffs have made this argument before this court. *Dahl v. Vill. of Surfside Beach*, No. 3:20-cv-201, 2022 WL 401466,

at *3–4 (S.D. Tex. Jan. 11, 2022). The court previously considered and dismissed similar unripe claims, which the Fifth Circuit affirmed. *Id.* at *5; *Dahl v. Vill. of Surfside Beach*, No. 22-40075, 2022 WL 17729411, at *2–3 (5th Cir. Dec. 16, 2022).

These arguments are not more convincing on the second pass. The email correspondence reveals that the plaintiffs' culvert requests merely stalled their approval—and did not necessarily result in Bisso's or Surfside's denial of their requests. 247 Dkts. 9-1, 9-2; 248 Dkts. 9-1, 9-2; *see also Dahl*, 2022 WL 401466, at *3. Even if the court construes the defendants' delays as denials, Surfside's code of ordinances vests the city council—not Bisso or Huffman—with the final say. *See* Surfside Beach, Tex. Code of Ord. §§ 12-23 (adopting the International Residential Code and incorporating all Surfside regulations, provisions, and conditions), 12-24 ("[T]o hear and decide appeals of orders, decisions[,] or determinations made by the building official relative to the application and interpretation of this code, the city council of the village shall act as the board of appeals under this code."); *see also Dahl*, 2022 WL 401466, at *4. Bisso merely serves at the city council's pleasure to perform acts and duties imposed generally on building officials. Surfside Beach, Tex. Code of Ord. §§ 2-185, 2-186.

Assuming Bisso expressly denied the plaintiffs' culvert requests, the plaintiffs still had to bring their claims to the city council for a final decision. Int'l Residential Code R. 112.2 (Int'l Code Council 2006). The plaintiffs offer no evidence that they appealed any purported decision by Bisso to the city council. Because the defendants have not taken a "final, definitive position" about the plaintiffs' culvert applications and how they will enforce their local rules, the plaintiffs' claims are not ripe. *DM Arbor Ct.*, 988 F.3d at 219. Accordingly, this court does not have jurisdiction to hear these claims and grants the defendants' motions under Rule 12(b)(1).

### B. Due-Process and Equal-Protection Claims

A court "should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." *Monk v. Huston*, 340 F.3d 279, 282 (5th Cir. 2013). Similarly, "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Urb. Devs. LLC*, 468 F.3d at 295 (quotations omitted). The key considerations for ripeness are "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *New Orleans Pub. Serv.*, 833 F.2d at 586.

The plaintiffs also bring claims against the defendants for violations of procedural due process, substantive due process, and equal protection under

the Fourteenth Amendment. These claims have a common thread—the defendants denying the plaintiffs' culvert requests. 247 Dkt. 1-1 at 20–22; 248 Dkt. 1-1 at 20–22.

Although not addressed by the defendants, the court considers *sua sponte* whether the plaintiffs' remaining federal claims are also unripe—and finds that to be true. The defendants have not made a final determination of whether they will approve the plaintiffs' culvert requests. These claims all "rest upon a contingent future event and cannot be properly evaluated by this court in the present circumstances." *See Urb. Devs. LLC*, 468 F.3d at 296. Accordingly, the court also dismisses the plaintiffs' due-process and equal-protection claims.

### C. Declaratory-Judgment and Injunctive-Relief Claims

The plaintiffs also seek a declaratory judgment that, "pursuant to [the] Village of Surfside's ordinance, it is entitled to have culverts installed on the right of way in front of [their] property." 247 Dkt. 1-1 at 22; 248 Dkt. 1-1 at 22. Similarly, they seek injunctive relief, asking the court to "requir[e the] defendants to set the culverts in question." 247 Dkt. 1-1 at 22; 248 Dkt. 1-1 at 22. Neither of these claims is ripe. Any declaratory judgment or injunctive relief by the court would be premature because any controversy between the plaintiffs and the defendants is "abstract or hypothetical." *United Transp.*

*Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000). The plaintiffs must first raise their arguments with the defendants instead of relying on "mere speculation about future hypothetical events." *See TOTAL Gas & Power*, 859 F.3d at 335. The plaintiffs' request for declaratory judgment or injunctive relief is not ripe, and the court lacks subject-matter jurisdiction.

\*   \*   \*

For the foregoing reasons, the court grants the defendants' motions under Rule 12(b)(1) and dismisses the plaintiffs' federal claims without prejudice. 247 Dkt. 9; 248 Dkt. 9. The court declines to exercise supplemental jurisdiction over any alleged violations under the Texas Constitution. *See* 28 U.S.C. § 1367(c)(3). It therefore remands this action to the 239th Judicial District Court of Brazoria County, Texas.

Signed on Galveston Island this 17th day of April, 2023.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE